AMERICAN BANK PROTECTION CO. v. ELECTRIC PROTECTION
CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    December 11, 1913.)

No. 3,762.

**1. PATENTS (§ 328\*)—INVENTION—BURGLAR ALARM.**
The Coleman reissue patent, No. 11,626 (original No. 570,906), for an electric burglar alarm, claim 6, *held* void for lack of invention in view of the prior art.

**2. PATENTS (§ 328\*)—INFRINGEMENT—BURGLAR ALARM.**
The Coleman patent, No. 626,670, for an electric burglar alarm, claim 1, narrowly construed as it must be to avoid anticipation in the prior art, *held* not infringed.

**3. PATENTS (§ 328\*)—VALIDITY AND INFRINGEMENT—BURGLAR ALARMS.**
The Robins & Jacoby patent, No. 771,749, for burglar alarm devices, claims 1, 3, 4, 6, 15, and 22, if conceded validity, narrowly construed, *held* not infringed.

**4. PATENTS (§ 328\*)—VALIDITY AND INFRINGEMENT—BURGLAR ALARM.**
The Grass patent, No. 880,020, for a vault lining for use in connection with an electrical alarm circuit, construed, and *held* not infringed.

Sanborn, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Suit in equity by the American Bank Protection Company against the Electric Protection Company and others.    From portions of the decree in favor of defendants, complainant appeals.    Affirmed.

For opinion below, see 181 Fed. 350.

A. C. Paul, of Minneapolis, Minn., for appellant.

John E. Stryker, of St. Paul, Minn., for appellees.

Before SANBORN and HOOK, Circuit Judges, and VAN VAL-KENBURGH, District Judge.

HOOK, Circuit Judge.    The American Bank Protection Company, the owner of various patents for improvements in electrical burglar alarms, sued the Electric Protection Company and others for infringement.    A part of the controversy was disposed of by this court on an appeal from an interlocutory order.    107 C. C. A. 238, 184 Fed. 916. The remainder now arises on complainant's appeal from the final decree.    The various claims involved at this time will be stated in their order.

[1]  Claim 6 of reissue patent No. 11,626, to C. Coleman, as follows:

"The combination with a structure to be guarded and a housing of an electrical alarm system having its parts so disposed as to protect both the structure to be guarded and the housing and cause an alarm to be sounded if either of them is entered, the alarm proper being arranged within the protected housing and all other parts of the system that may be manipulated or injured so as to cripple the system being arranged within either the structure to be · guarded or the protected housing, substantially as set forth."

This claim is in the precise words of claim 20 of the same patent, except the latter has the additional element, "time mechanism inclosed

within the guarded structure for throwing off the alarm to permit access to the guarded structure." Claim 20 was held void on the first appeal for reasons we still approve, and that conclusion was in no wise due to the words above quoted which do not appear in claim 6. In all that concerns the question of their validity the claims are alike.

[2] Claim 1 of patent No. 626,670, to Coleman: The combination here claimed includes as the novel feature means for switching the electric current from the door of the vault or other structure to permit authorized entrance and use, leaving the protection operative in the remainder of the system. If this claim is broadly regarded, it is anticipated by patent No. 246,211 to Rousseau and suggested by No. 20,970 to Whiting. If the claim be limited to the particular means described, defendant does not infringe; its device is altogether different.

[3] Claims 1, 3, 4, 6, 15, and 22 of patent No. 771,749 to Robins & Jacoby: These claims are for combinations of devices operating in connection with the bolts of a door and with tumblers of a combination lock to give general alarms and test signals under certain conditions. The prior art is shown in patents No. 262,393 to Freeman, No. 351,408 to Stern, No. 429,817 to Shubert, No. 492,478 to Sturts, No. 754,391 to Robinson & Green, No. 490,870 to Carr, Nos. 626,684 and 667,123 to Freed, and a number of others. They show many combinations and devices for connecting the operation of the knobs and bolts of doors and lock tumblers with gongs and other alarms. It is conceded those of defendant are not like complainants, but it is contended the differences were slight mechanical variations; and the rule as to equivalents is invoked. No useful purpose will be served by describing the differences. We think the measure of comparison which complainant seeks to apply to defendant would, in view of the prior art, defeat the claims in suit. It is doubtful they show an advance more than what an ordinary person having skill in the work and knowledge of the prior patents would have contrived. Ordinarily it is not invention to hitch old combinations together without change in action or results.

[4] All the claims except the fifth and seventh in patent No. 880,020 to Grass: These cover a circuit closer to be operated in connection with vault linings normally insulated. Witnesses for complainant differed as to the means by which electrical connection between the lining plates would be established by unauthorized assault and the alarm sounded. Upon the evidence of both parties, the trial court held the claims limited to certain contact points designated as "16" and found that defendant did not use them. We think the court was right.

The decree is affirmed.

SANBORN, Circuit Judge, dissents from the views expressed and the result reached in reference to claim 6 of the Coleman reissue patent No. 11,626, and claims 1, 3, 4, 6, and 15 of the Robins & Jacoby patent No. 771,749.